FILED
SUPERIOR COURT
OF GUAM

2019 MAY 24 PM 4: 35

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CM0431-17** |
| vs. | |
| **DAVID J. SABLAN,** DOB: 11/06/1953 | **DECISION AND ORDER** **[1] GHURA's Motion for Reconsideration** |
| **CECILE B. SUDA,** DOB: 09/22/1957 | |
| **MICHAEL J. DUENAS,** DOB: 04/30/1954 | |
| **ROLAND SELVIDGE,** DOB: 08/04/1949 | |
| **JOHN ILAO,** DOB: 02/16/1967 | **CRIMINAL CASE NO.:CM0431-17-01** |
| **DEANNE TORRE** DOB: 04/07/1970 | **CRIMINAL CASE NO.: CM0431-17-02** |
| **ROSIE BLAS,** DOB: 07/02/1962 | **CRIMINAL CASE NO.: CM0431-17-03** |
| **DEFENDANTS.** | |

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
CM0431-17-03 People v. Rosie Blas
DECISION AND ORDER (GHURA's Motion to Reconsider) ,

ORIGINAL

Page 1 of 6

# INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 16, 2019, for a hearing on Guam Housing and Urban Renewal Authority's ("GHURA") Motion for Reconsideration of the Court's December 14, 2018 Decision and Order denying GHURA's Motion to Quash Subpoena of Legal Counsel. Attorney Cynthia V. Ecube appears on behalf of GHURA. Assistant Public Defender William Bischoff represents Defendant Roland Selvidge and filed an Opposition in this matter. Three other defendants filed joinders to Selvidge's Opposition. These defendants are: (1) Rosie Blas, represented by Attorney Jacqueline Terlaje (2) Cecile B. Suda, represented by Attorney Curtis C. Van de veld, and (3) David J. Sablan, represented by Attorney Samuel S. Teker.

# BACKGROUND

This matter arises from GHURA's Motion for Reconsideration of the Court's December 14, 2018 Decision and Order. In that Decision and Order, the Court provided a detailed and thorough factual background of this case. At this time the Court will provide a protracted background section containing the particular facts relevant to the instant motion.

The People filed the Complaint in this matter in the Superior Court on July 24, 2017, alleging forty-seven (47) separate crimes which include: direct violations of the Guam Open Government Law ("OGL"), official misconduct, and conspiracy to violate the OGL and commit official misconduct. The charges are related to three separate events that allegedly occurred during the period between December 2011 and July 2015. The alleged events occurred when the various Defendants served as Commissioners of the Guam Housing and Urban Development Authority ("GHURA") Board of Commissioners.

Defendant Selvidge has evoked the advice of counsel defense. Selvidge argues that he cannot be found culpable because he was acting in reliance on legal advice from GHURA's counsel when he committed the alleged overt acts which led to the charges against him. On August 28, 2018, Selvidge filed a Sunshine Act Request upon GHURA, seeking "[t]he email or emails referenced in the attached billing from Attorney Anthony C. Perez to GHURA dated 8/25/15 described as 're: propriety of working sessions.'" Sunshine Act Request (Aug. 28, 2018). GHURA

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER (GHURA's Motion to Reconsider)

Page **2** of **6**

responded on August 31, 2018, denying the Sunshine Act Request on the grounds that the documents sought are protected from public disclosure pursuant to 5 G.C.A. § 10108. Response (Aug. 31, 2018). Section 10108 provides, in relevant part:

> Except as provided in § 10109 of this Chapter, nothing in this Chapter shall be construed to require disclosure of records that are any of the following:
>
> (a) Records pertaining to pending litigation to which the agency is a party, until the pending litigation has been finally adjudicated or otherwise settled.
>
> . . .
>
> (i) All existing privileges or confidential records or other information expressly protected under the law shall not be abrogated by this Act.

5 G.C.A. § 10108.

On September 6, 2018, Selvidge filed a Subpoena Duces Tecum on Melinda I. Taitano, in her capacity as an employee of GHURA, ordering her to appear before the Superior Court of Guam on October 3, 2018, and to bring with her the following documents: (1) printouts of the email or emails referenced in the attached billing from Attorney Anthony C. Perez to GHURA dated 8/25/15 described as "emails with Millie re: propriety of working sessions:" (2) the Sunshine Act request which was denied in the attached August 31, 2018, letter from GHURA counsel Cynthia V. Ecube. Subpoena Duces Tecum (Sept. 6, 2018).

Both of the subpoenas at issue sought information protected by attorney-client privilege: the subpoena to Melinda L. Taitano sought documentary evidence regarding advice of counsel, while the subpoena to Attorney Perez sought testimonial evidence of such advice. Both requests turned upon the same issue of law, which is a determination of who holds the attorney-client privilege, and consequently who has the authority to waive such privilege. GHURA argued that it, as an organization, is the sole holder of the privilege. Defendant Selvidge argued the individual members of the board are the sole holders of the privilege.

On December 14, 2018, the Court issued a Decision and Order denying GHURA's Motion to Quash Subpoena of Legal Counsel. The Court found that GHURA and Selvidge jointly hold the attorney-client privilege regarding legal advice rendered during Selvidge's time on the GHURA board. On January 9, 2019, GHURA filed a Motion for Reconsideration, arguing that the

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER (GHURA's Motion to Reconsider)

documents requested fall outside the scope of the alleged overt acts and are therefore irrelevant and not exculpatory. Mot. for Recons. at 3 (Jan. 9, 2019). Specifically, GHURA states that the charges against Selvidge are based upon overt acts occurring during two specified periods: (1) December 2011 to January 2012; and (2) April 2015 to July 2015, and the subpoenas seek the production of emails from Attorney Anthony Perez dated August 25, 2015. Id. at 4. This email was written after the alleged overt acts, and GHURA argues that it could not possibly contain evidence which would further Selvidge's advice of counsel defense. Id. GHURA argues that this irrelevancy of the email argument is based on material facts not taken into consideration by the Court in rendering its decision. Id.

## DISCUSSION

A motion for reconsideration brought under Rule 1.1(d) of the Local Rules of the Superior Court of Guam is appropriate on the grounds of (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. Although this rule allows the Court to reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Guam Bar Ethics Comm. v. Maquera, 2001 Guam 20 ¶ 9 (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). Importantly, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." Id. (citing Ward, 1998 Guam 1 ¶ 13).

### a. GHURA's present argument could have been raised in its initial brief.

This matter was fully briefed by the parties. GHURA filed a Motion to Quash on November 5, 2018. GHURA's sole argument is that compliance with the subpoenas would be unreasonable and oppressive because the intent was to elicit confidential communications which were protected by attorney-client privilege. Mot. to Quash at 4 (Nov. 5, 2018). Nowhere in this

CM0431-17 People v. David J. Sablan et al.
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER (GHURA's Motion to Reconsider)

Page **4** of **6**

motion does GHURA argue that the information sought is irrelevant to Selvidge's defense. Selvidge filed an Opposition on November 15, 2018, replying to GHURA's arguments concerning attorney-client privilege. Opp'n to Mot. to Quash (Nov. 15, 2018). GHURA then filed a Reply on November 26, 2018. Reply (Nov. 26, 2018). Again, GHURA's sole argument was that the information was protected by attorney-client privilege.

In filing its Motion for Reconsideration based on the argument that the information sought is irrelevant, GHURA is offering a new argument that could have reasonably been raised in its initial motion. The Supreme Court of Guam has explicitly stated that this is not a proper basis for a motion to reconsider. Guam Bar Ethics Committee, 2001 Guam 20 at ¶ 9. The Court therefore withholds analysis of the merits of GHURA's present argument.

**b. No new relevant evidence has arisen to justify reconsideration.**

While not argued in its Motion for Reconsideration, GHURA argues in its reply brief that new evidence has emerged subsequent to the Court's December 14, 2018 Decision and Order. Reply at 6. A motion may be renewed on the basis that new material facts have emerged after the time of the initial decision. CR 1.1(d)(2). GHURA's conflict counsel, Cynthia Ecube, states that on January 23, 2019, counsel for Sablan approached her and stated that he had received new evidence or information. Reply at 7. Such evidence is an email from GHURA's former legal counsel which related to the issue of "working sessions." Id. GHURA states that this evidence "may be relevant in the pending proceedings" and therefore "satisfies the requirement under CR1.1(d)(2) thus warranting reconsideration of the Court's December 14, 2018 Decision and Order." Id.

GHURA does not explain how this new evidence would affect the Court's prior decision. While this email may be relevant to the ultimate disposition of this case, it is not relevant to GHURA's Motion to Quash. A motion to reconsider should not be granted unless the facts discovered are of such a nature that they would probably change the outcome. See Infusion Res., Inc. v. Minimed, Inc., 351 F.3d 688, 696 (5th Cir. 2003). GHURA's assertion, without supporting explanation, that the email "may be relevant in the pending proceeding" is not sufficient to

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER (GHURA's Motion to Reconsider)

Page 5 of 6

convince the Court that the email would probably change the Court's decision regarding GHURA's Motion to Quash.

## CONCLUSION & ORDER

Based on the foregoing reasons, the Court hereby **DENIES** GHURA's Motion for Reconsideration.

This matter is set for Further Proceedings on ___6/17/19___ at ___9 a.m.___

SO ORDERED ___5/29/19___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
H.Trapp; S.Teker;
VanDeVeld; J.Terlaje;
Date: 5/24/19 Time: 4:35
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
PDSC; Joshua Walsh;
J.Arriola, Jr.
Date: 5/24/19 Time: 4:35
Deputy Clerk, Superior Court of Guam

**Received for Service**

_____ M

_____ 20 _____

_____
**Marshal, Superior Court Guam**

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER (GHURA's Motion to Reconsider)